# CONNELL FOLEY LLP
## ATTORNEYS AT LAW

85 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JERSEY CITY OFFICE
HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, N.J. 07311-4029
(201) 521-1000
FAX: (201) 521-0100

NEW YORK OFFICE
888 SEVENTH AVENUE
NEW YORK, N.Y. 10106
(212) 262-2390
FAX: (212) 262-3118

PHILADELPHIA OFFICE
1500 MARKET STREET
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
WILLIAM H. GRAHAM*
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. McAULEY
PETER J. PIZZI*
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. McBRIDE*
JEFFREY W. MORYAN
JOHN K. BENNETT
PETER J. SMITH*

BRIAN G. STELLER
PHILIP F. McGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY
TIMOTHY E. CORRISTON*
ERNEST W. SCHOELLKOPFF+
PATRICK J. HUGHES+*
JAMES C. McCANN
JOHN D. CROMIE
ANGELA A. IUSO*
GLENN T. DYER
WILLIAM T. McGLOIN*
BRENDAN JUDGE
DAREN S. McNALLY*
STEPHEN V. FALANGA*
JEFFREY L. O'HARA
TRICIA O'REILLY*
ANTHONY F. VITIELLO*
MARC D. HAEFNER
JONATHAN P. McHENRY
JAMES P. RHATICAN*

COUNSEL
JOHN B. LaVECCHIA
VIRGINIA M. EDWARDS*
FRANCIS E. SCHILLER
EUGENE P. SQUEO
BERNARD M. HARTNETT, JR.
NOEL D. HUMPHREYS
ANTHONY ROMANO II
CHARLES J. HARRINGTON III+

KARIN I. SPALDING*
MATTHEW W. BAUER*
JOSEPH C. DeBLASIO
JODI ANNE HUDSON*
RICHARD A. JAGEN
JOHN S. STOLZ*
W. NEVINS McCANN*
MITCHELL W. TARASCHI
BRAD D. SHALIT*
THOMAS J. O'LEARY*
DAVID J. MAIRO*
WALTER J. DORGAN III*
AGNES ANTONIAN*
BRYAN P. COUCH*
GREGORY E. PETERSON
MICHELE T. TANTALLA*
PHILIP N. FLUHR
THOMAS J. PASUIT*
PATRICK S. BRANNIGAN*

MATTHEW J. GENNARO
M. TREVOR LYONS*
MICHAEL A. SHADIACK
JOHN T. FOJUT
OWEN C. McCARTHY
PATRICIA A. LEE+
PETER Y. LEE+
NEIL V. MODY*
JENNIFER C. CRITCHLEY*
MELISSA A. DIDATO*
MATTHEW S. SCHULTZ*
CRAIG A. ROSEN
RYAN A. McGONIGLE*
DANIA M. BILLINGS*
GEORGE M. PATTERSON*
ANTONIO CELII*
ALEXIS E. LAZZARA
TED P. CASTELL
RONAK R. CHOKSHI+
CHRISTINE I. GANNON*
DOUGLAS J. SHORT*
ELIZABETH A. BARROW
MICHAEL A. BASELUOS
CATHERINE G. BRYAN+
AYANNA A. CAGE
MICHAEL P. DAVIS
JAMES C. HAYNIE
LAURIE B. KACHONICK
MAIDA PEREZ
WILLIAM D. DEVEAU*
THOMAS A. TELESCA*
VINCENT A. ANTONIELLO

*ALSO ADMITTED IN NEW YORK
+ALSO ADMITTED IN PENNSYLVANIA

WRITER'S DIRECT DIAL

PLEASE REPLY TO ROSELAND, N.J.

July 25, 2005

**VIA ELECTRONIC FILING AND FEDERAL EXPRESS**
Honorable Joseph A. Greenaway, Jr.
United States District Judge
Martin Luther King Jr. Federal Building and
United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: **Coordinated Allegra Litigation**

Dear Judge Greenaway:

We write in response to defendants' July 15, 2005, opposition to Aventis's request that the Court certify as a final judgment under Rule 54(b), Fed. R. Civ. P., its order granting summary judgment of invalidity of claims 1 and 2 of U.S. Patent No. 5,738,872 (the "'872 patent").

Defendants do not provide any factual or legal basis for the Court to deny Aventis's request. Significantly, defendants cannot dispute that this Court's order granting summary judgment of invalidity as to claims 1 and 2 of the '872 patent finally disposed of any and all issues on the '872 patent.[1] Thus, the only question is whether there is "any just reason for delay" for an appeal under Rule 54(b).

---

[1] Defendants incorrectly state that Aventis is asserting other claims of the '872 patent against Sandoz. To the contrary, Aventis has only asserted claims 1 and 2 of the '872 patent against Sandoz.

1621822-01

In fact, there are good and sufficient reasons for expediting the appeal of the '872 patent. This Court's order finding claims 1 and 2 of the '872 patent invalid for anticipation not only removes the '872 patent from this case, it effectively prevents Aventis from asserting those claims against any other party under the doctrine of collateral estoppel. *See Blonder-Tongue v. University Fdn.*, 402 U.S. 313 (1971). As Aventis argued throughout the briefing and argument on the '872 patent, it believes that there are a number of controlling legal issues which should have precluded summary judgment of invalidity. These issues include the proper interpretation of product-by-process claims and this Court's *Markman* ruling, issues that are within the appellate province of the Court of Appeals of the Federal Circuit. These discrete and sharply focused issues are now ripe for appellate review without danger that the Federal Circuit will have to revisit them on any subsequent appeal from this case. If Aventis is correct on the merits, the '872 patent will have been unduly hobbled by the delay in presenting its appeal to the Federal Circuit. Moreover, a Federal Circuit reversal would eliminate any preclusive effects of this Court's summary judgment order.[2]

In arguing for delay, defendants rely entirely on their incorrect and conclusory contention that the '872 patent is "inextricably linked" to the other patents remaining in the case. This is wrong for at least two reasons.

First, the mere fact that claims relating to other patents remain in the case, in and of itself, provides no basis for denying entry of judgment on the '872 patent. Indeed, by its express language, Rule 54(b) was intended to expedite the appeal of *less* than all of the claims in an action. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980) (in concluding that entry of judgment was appropriate, "Federal Rule of Civil Procedure 54(b) allows a district court dealing with multiple claims or parties to direct the entry of final judgment as to fewer than all of the claims or parties").

Second, there is no overlap between the '872 patent and the method of treatment[3] and process patents[4] that remain in the case. The basis for defendants' contrary argument is that (a)

---

[2]     *See U.S. Philips Corp. v. Sears Roebuck & Co.*, 1992 WL 296361 at * 4 (N.D. Ill. 1992) (("'[A] second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed.'"), quoting Wright & Miller, *Federal Practice and Procedure* § 4433 at 311 (1981) and citing *Fredyman v. AT&T Network Systems, Inc.*, 1991 U.S. App. LEXIS 13699 *2 (1st Cir. 1991) ("[a] judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel."); *Consolidated Express, Inc. v. New York Shipping Association, Inc.*, 641 F.2d 90, 93-94 (3d Cir. 1981) ("Since the judgment which was the predicate for our discussion of collateral estoppel has been vacated, so much of our prior judgment as required giving that judgment any effect in this case must be vacated.")

[3]     The method of treatment patents are U.S. Patent Nos. 6,037,353, 6,181,791, and 6,399,632.

[4]     The process patents are U.S. Patent Nos. 5,581,011 and 5,750,703.

Honorable Joseph A. Greenaway, Jr.
July 25, 2005
Page 3

the Court found that descriptions of products contained in U.S. Patent Nos. 6,037,353 (the "'353 patent") and 4,254,129 (the "'129 patent") anticipated claims 1 and 2 of the '872 patent and (b) the '353 method of treatment patent is "one of the remaining patents in suit" and "the '129 patent is a prior art reference that will be relevant to the validity determination for many, if not all, of the patents remaining in the case." However, defendants do not (and cannot) argue that the formulation information contained in the '353 and '129 patents has *any* relevance to the method of treatment patents or the patents directed to processes for synthesizing fexofenadine. Even a glance at the claims of these patents shows that they have nothing to do with the formulation issues addressed by the Court in its decision on the '872 patent.

The parties extensively litigated the issues relating to the '872 patent in over a dozen briefs and five days of argument and hearing. None once in that voluminous briefing and extensive argument were the methods of treatment or processes for making fexofenadine ever mentioned. As a result, nothing in the Court's opinion finding anticipation of claims 1 and 2 of the '872 patent remotely relates to these remaining patents.[5] The issues to be raised on Aventis's appeal of this Court's order on the '872 patent are entirely unrelated to the issues remaining in this case.[6] Here, as in *Karpas v. Trimark Sportswear Group (U.S.) Ltd.*, relied on by defendants, "[t]here is thus no real danger of two separate appeals on the same issue" 2005 WL 1420822, *5-6 (D.N.J. June 15, 2005) (granting request for entry of judgment under Rule 54(b)).

---

[5] Indeed, defendants argued, and this Court found, that the products of claims 1 and 2 of the '872 patent were also independently described in *three* other patents (U.S. Patent Nos. 4,929,605, 4,996,061, and 5,375,693). This conclusion, that the *same* product is separately described in all five patents, refutes any argument that any of the other, non-formulation aspects of the '353 and '129 patents (which are not shared with the '605, '061, and '693 patents) will overlap with Aventis's appeal on the '872 patent. The only aspects of the '353 and '129 patents (and for that matter the '605, '061, and '693 patents) relevant to the appeal of the '872 patent are the product descriptions which the Court found anticipated claims 1 and 2.

[6] As the Court recognized, the issues relating to the product-by-process claims of the '872 patent are also entirely separate from any issues relating to U.S. Patent Nos. 5,855,912, 5,932,247 and 6,113,942 (the "'912, '942, and '247 patents") on which the Court granted summary judgment of non-infringement as to Barr, Impax, Teva, Mylan and Reddy and from any issues relating to U.S. Patent 6,039,974 (the "'974 patent," directed to the Allegra-D® product) as to which the Court denied defendants' motion for summary judgment. The '912, '942, '247, and '974 patents were separately dealt with by the Court and the parties without any suggestion of overlap in issues with the '872 patent. Moreover, defendants' acknowledgment that the '912, '942, and '247 patents "remain pending against Ranbaxy and Sandoz" answers the question they pose in the footnote to their letter; entry of judgment pursuant to Rule 54(b) as to the '912, '942, and '247 patents would not be appropriate at this time since, unlike the '872 patent, they remain in the case.

1621822-01

Honorable Joseph A. Greenaway, Jr.
July 25, 2005
Page 4

      For all of the above reasons, Aventis requests that the Court enter final judgment pursuant to Rule 54(b) on its order granting defendants summary judgment of invalidity as to claims 1 and 2 of the '872 patent.

      Respectfully submitted,

      Liza M. Walsh

LMW/CIG/dag
cc:    All Counsel of Record (via email and regular mail)

1621822-01