## CONNELL FOLEY LLP
### ATTORNEYS AT LAW

85 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JERSEY CITY OFFICE
HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, N.J. 07311-4029
(201) 521-1000
FAX: (201) 521-0100

NEW YORK OFFICE
888 SEVENTH AVENUE
NEW YORK, N.Y. 10106
(212) 262-2390
FAX: (212) 262-3118

PHILADELPHIA OFFICE
1500 MARKET STREET
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

PLEASE REPLY TO ROSELAND, N.J.

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
WILLIAM H. GRAHAM+
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. McAULEY
PETER J. PIZZI*+
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. McBRIDE*
JEFFREY W. MORYAN
JOHN K. BENNETT
PETER J. SMITH*
BRIAN G. STELLER
PHILIP F. McGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY
TIMOTHY E. CORRISTON*
ERNEST W. SCHOELLKOPFF+

PATRICK J. HUGHES+*
JAMES C. McCANN*
JOHN D. CROMIE
ANGELA A. IUSO*
GLENN T. DYER
CLARENCE SMITH, JR.—
WILLIAM T. McGLOIN*
BRENDAN JUDGE
DAREN S. McNALLY*
STEPHEN V. FALANGA*
JEFFREY L. O'HARA
TRICIA O'REILLY*
ANTHONY F. VITIELLO*
MARC D. HAEFNER
JONATHAN P. McHENRY
JAMES P. RHATICAN*+
MATTHEW W. BAUER*
JOSEPH C. DeBLASIO*

COUNSEL
JOHN W. BISSELL
JOHN B. LaVECCHIA
VIRGINIA M. EDWARDS*
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
BERNARD M. HARTNETT, JR.*
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*
CHARLES J. HARRINGTON III+
STEVE BARNETT
KARIN I. SPALDING*
JODI ANNE HUDSON*

RICHARD A. JAGEN
W. NEVINS McCANN*
MITCHELL W. TARASCHI
BRAD D. SHALIT*
THOMAS J. O'LEARY*
DAVID J. MAIRO*
AGNES ANTONIAN*
BRYAN P. COUCH*
GREGORY E. PETERSON
MICHELE T. TANTALLA*
PHILIP N. FLUHR
THOMAS J. PASUIT*
PATRICK S. BRANNIGAN*
MATTHEW I. GENNARO
M. TREVOR LYONS*
MICHAEL A. SHADIACK
OWEN C. McCARTHY
PATRICIA A. LEE+
NEIL V. MODY*
JENNIFER C. CRITCHLEY*
MELISSA A. DiDATO*
MATTHEW S. SCHULTZ*
CRAIG A. ROSEN
RYAN A. McGONIGLE*
DANIA M. BILLINGS*
ANTONIO CELII*

ALEXIS E. LAZZARA
TED P. CASTELL*
RONAK R. CHOKSHI+
CHRISTINE I. GANNON*
DOUGLAS J. SHORT*
MICHAEL A. BASELUOS
CATHERINE G. BRYAN+
AYANNA A. CAGE
MICHAEL P. DAVIS
JAMES C. HAYNIE
LAURIE B. KACHONICK
MAIDA PEREZ
WILLIAM D. DEVEAU
THOMAS A. TELESCA*
VINCENT A. ANTONIELLO
LAUREN E. SWEENEY*
ELIZABETH W. EATON
JOSEPH M. MURPHY
JASON E. MARX*
SARAH B. BLUMBERG*
CHRISTOPHER ABATEMARCO*
MEGHAN C. GOODWIN*
DANIELA R. D'AMICO*
CRAIG S. DEMARESKI*
MELISSA ASTUDILLO*
ANDREW J. McNALLY*
AMY TODD*
ADAM M. LUSTBERG*

*ALSO ADMITTED IN NEW YORK
+ALSO ADMITTED IN PENNSYLVANIA
—ONLY ADMITTED IN NEW YORK

WRITER'S DIRECT DIAL

March 10, 2006

***Via Electronic Filing & Hand Delivery***
Honorable Joseph A. Greenaway, Jr.
Martin Luther King Jr. Federal Building and
United States Courthouse
50 Walnut Street
Newark, New Jersey  07102

> Re: Aventis Pharmaceuticals Inc., et al. v. Barr Laboratories Civil Action No. 01-3627 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Barr Laboratories Civil Action No. 01-4257 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Barr Laboratories Civil Action No. 02-0401 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Impax Laboratories Civil Action No. 02-1322 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Teva Pharmaceuticals USA, Inc. Civil Action No. 03-487 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Mylan Pharmaceuticals, Inc. Civil Action No. 03-1179 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Dr. Reddy's Pharmaceuticals, Ltd. Civil Action No. 03-1180 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Dr. Reddy's Pharmaceuticals, Ltd. Civil Action No. 03-5108 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Dr. Reddy's Pharmaceuticals, Ltd. Civil Action No. 03-5829 (JAG);
> Aventis Pharmaceuticals Inc., et al. v. Mylan Pharmaceuticals, Inc. Civil Action No. 04-2305 (JAG);

1696493-01

Honorable Joseph A. Greenaway, Jr.
March 10, 2006
Page 2

        **Aventis Pharmaceuticals Inc., et al. v. Dr. Reddy's Pharmaceuticals, Ltd. Civil Action No. 04-3194 (JAG);**
        **Aventis Pharmaceuticals Inc., et al. v. Mylan Pharmaceuticals, Inc. Civil Action No. 05-4255 (JAG);**
        **Sanofi-Aventis, S.A., et al. v. Ranbaxy Labs Ltd   Civil Action No. 06-0846**

Dear Judge Greenaway:

      I write on behalf of Aventis to request that the Court enter an Order, in the form attached hereto as Exhibit A, granting summary judgment of invalidity of Aventis's U.S. Patent Nos. 6,037,353, 6,187,791, and 6,399,632 (the "Method Patents"), for the reasons stated in the Court's January 30, 2006, Opinion. As explained by counsel for Aventis at the February 24, 2006, status conference, this will permit an immediate appeal to be taken in the eight cases in which the only remaining claims are those based on the Method Patents.

**I.**      **Background**

      In your Honor's January 30, 2006, Opinion denying plaintiffs' motion for a preliminary injunction, the Court found as a matter of law that the Method Patents were invalid as inherently anticipated by the prior art Carr patent. At the February 24 status conference, counsel for Aventis proposed that the Court enter summary judgment of invalidity as to those patents, based on the same record that was before the Court on the preliminary injunction motion, and for the same reasons set forth in the January 30, 2006, Opinion. On March 1, 2006, counsel for Aventis circulated a proposed Stipulation to the defendants to accomplish this. (Ex. B). Assuming that the defendants would have no objection to the entry of summary judgment in their favor on the Method Patents, on March 8, 2006, counsel for Aventis circulated proposed Final Judgments for the eight actions that would be entirely resolved by the proposed Stipulation. (Ex. C).

**II.**      **The Proposed Order Permits Final Judgment To Be Entered In Eight Actions**

      The terms of the proposed Order are the same as those included in the proposed Stipulation circulated to defendants on March 1, 2006. Under the proposed Order (1) defendants are deemed to have moved for summary judgment in all cases in which the Method Patents were asserted, incorporating by reference the inherent anticipation grounds asserted by Barr and Teva in opposition to plaintiffs' motion for a preliminary injunction; (2) plaintiffs are deemed to have opposed defendants' motions, incorporating by reference the same grounds they asserted in support of their application for a preliminary injunction; and (3) summary judgment would be entered for the reasons set out in the Court's Opinion denying the preliminary injunction motion, preserving to plaintiffs all rights of appeal on the merits. (*See* Ex. A. ¶¶ 1-3, 7).

1696493-01

Honorable Joseph A. Greenaway, Jr.
March 10, 2006
Page 3

The eight cases that will be resolved by entry of summary judgment as to the Method Patents are *Aventis Pharmaceuticals Inc. et al., v. Barr Laboratories, Inc.*, No. 01-3627;[1] *Aventis Pharmaceuticals Inc. et al., v. Barr Laboratories, Inc.*, No. 01-4527; *Aventis Pharmaceuticals Inc. et al., v. Mylan Pharmaceuticals Inc.*, No. 04-2305; *Aventis Pharmaceuticals Inc. et. al. v. Mylan Pharmaceuticals Inc.*, No. 05-4255;[2] *Aventis Pharmaceuticals Inc. et al., v. Teva Pharmaceuticals USA, Inc.*, No. 03-0487; *Aventis Pharmaceuticals Inc. et al., v. Dr. Reddy's Pharmaceuticals, Ltd., et al.*, No. 03-1180; *Aventis Pharmaceuticals Inc. et al., v. Dr. Reddy's Pharmaceuticals, Ltd., et al.*, No. 03-5108; and *sanofi-aventis S.A. et al. v. Ranbaxy Labs. Ltd. et al.*, No. 06-0846.[3] The remaining actions before the Court involving Allegra® and Allegra-D® will not be resolved by the proposed Order because those actions (1) involve claims based on U.S. Patent No. 6,039,974 (as to which the Court has denied summary judgment); or (2) involve claims based on process patents which continue to be litigated; or (3) involve claims against Ranbaxy's and Sandoz's product formulations based on U.S. Patent Nos. 5,855,912 and 6,113,942 that have not yet been resolved by the Court.

---

[1] Civil Action No. 01-3627 currently includes three Hatch-Waxman cases against Barr (Nos. 01-3627, 01-4257 and 02-401), which were consolidated under that case number in a March 26, 2002, Order. Original action No. 01-3627 is directed to Barr's 60 mg fexofenadine capsule product (a generic version of Allegra® capsules); No. 01-4257 is directed to Barr's 30, 60, and 180 mg fexofenadine tablet products (generic versions of Allegra® tablets); and No. 02-401 is directed to Barr's 60 mg fexofenadine/120 mg pseudoephedrine combination tablet product (a generic version of Allegra-D®). Because U.S. Patent No. 6,039,974 (as to which the Court denied summary judgment of non-infringement) remains at issue in No. 02-401, the proposed Stipulated Order would supersede the portion of the Court's March 26, 2002, Order consolidating the other actions, so that final judgment can be entered in No. 01-3627 and No. 01-4257. (*See* Ex. A ¶ 8).

[2] No. 05-4255 is directed to Mylan's ANDA for 30 and 60 mg fexofenadine tablets and was filed after the summary judgment motions were filed in June 2003 on the fexofenadine formulation patents. Because, based on Mylan's ANDA, the formulation issues in this action are the same as those presented in No. 04-2305 directed to Mylan's 180 mg fexofenadine tablet, the proposed Order also provides for summary judgment of noninfringement of the '912 and '942 patents, and summary judgment of invalidity as to claims 1 and 2 of the '872 patent in No. 05-4255 on the same basis as in No. 04-2305. This would allow final judgment to be entered in No. 05-4255 as well. (*See* Ex. A ¶¶ 4-6).

[3] No. 06-846 was filed on February 23, 2006, after Ranbaxy notified plaintiffs that it had amended its ANDA to change its Paragraph III certification as to the Method Patents to a Paragraph IV certification.

Honorable Joseph A. Greenaway, Jr.
March 10, 2006
Page 4

### III. Defendants' Objections To The Proposed Order Are Meritless

Ranbaxy has agreed in principle to the entry of summary judgment in defendants' favor on the Method Patents (Ex. D), and Impax and Dr. Reddy's have not expressed any objection. However, to our great surprise, defendants Barr, Teva and Mylan object to the entry of summary judgment in their favor on those patents. (Ex. E). Apparently, these defendants insist that the parties and the Court proceed to the expert discovery stage -- and to trial -- on patents that the Court has already found to be invalid as a matter of law. Their position is incongruous, to say the least.

First, Barr, Teva and Mylan state that they disagree with a proposed "WHEREAS" clause stating that the entry of a final judgment on *all* of plaintiffs' claims in the above-listed actions will "result in considerable savings of both the time and resources of the judiciary and the parties." (Ex. E at 1). We do not understand this objection, because the entry of a final judgment on all of plaintiffs' claims in the above-listed actions, permitting a single appeal on all of the patents asserted in those cases, is far more efficient than insisting on continuing litigation in the district court of patents that the Court has determined to be invalid.

Second, Barr, Teva and Mylan state that they would like to further litigate the issue of infringement of the Method Patents in this Court, notwithstanding the fact that the Court has found those patents to be invalid as a matter of law. That is not the approach favored by logic or law. It is well established that once a district court determines as a matter of law that a patent is invalid, it need not, and in the interest of conserving judicial resources should not, proceed to the issue of infringement. Since invalidity is a complete defense to an infringement claim, a judgment of invalidity *ipso facto* disposes of any claim of infringement. *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151 (Fed. Cir. 2004) ("a judgment of invalidity necessarily moots the issue of infringement" because "invalidity operates as a complete defense to infringement for any product, forever").

Third, Barr, Teva and Mylan assert that entry of summary judgment in their favor would result in "piecemeal appeal." Defendants have it exactly backwards. The Court has now definitively ruled as a matter of law against plaintiffs on *all* of plaintiffs' claims with regard to *all* of the patents asserted in the above-listed actions. All that is left is to formalize in a single document what the Court has already ruled, to permit plaintiffs to take a *single* appeal of all of the Court's rulings in those cases.

Fourth, Barr, Teva and Mylan state that entry of judgment is unnecessary because the Federal Circuit's decision on the current appeal of the preliminary injunction motion will "provide guidance." One can hardly think of a more inefficient procedure: The parties would continue to litigate in this Court patents that the Court has found to be invalid; the parties would end up briefing and arguing *two* appeals with respect to the Method Patents (first on the preliminary injunction and then after final judgment); and the plaintiffs' appeal on the formulation patents would be indefinitely delayed.

1696493-01

Honorable Joseph A. Greenaway, Jr.
March 10, 2006
Page 5

    The Court has ruled against plaintiffs as a matter of law on all of their claims in the above-listed cases; there is nothing more to litigate in this Court. The entry of the proposed Order attached as Exhibit A and the Final Judgments attached as Exhibit C would do no more than formalize the rulings that the Court has already made. Entry of a final judgment will moot the current appeal on the preliminary injunction with respect to the Method Patents, and permit plaintiffs to take a single appeal with respect all of the patents asserted in those cases.

    The Court has scheduled a telephone conference on April 3, 2006. However, in light of the fact that plaintiffs' brief on their appeal from the Court's denial of a preliminary injunction is due on that same day, and the need to resolve this matter before that date, we respectfully request a telephone conference at Your Honor's earliest convenience.

                                                Respectfully submitted,

                                                Liza Walsh

LMW/dag
cc: All Counsel On Attached List

1696493-01